FILED
United States Court of Appeals
Tenth Circuit

December 3, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN M. HARTY,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 09-2197

(D. New Mexico)

(D.C. No. 1:09-CV-00493-GBW-LFG)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

John Harty appeals from the district court's dismissal of his civil rights suit. Harty sued the United States of America and the "people of" the United States of America under 42 U.S.C. § 1983. The district court dismissed Harty's

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint pursuant to 28 U.S.C. § 1915, concluding the complaint was so incomprehensible as to be implausible. *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In particular, the district court noted that although Harty filed his complaint pursuant to § 1983, he failed to identify any (1) individuals operating under color of state law who (2) deprived him of a federal right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (noting both elements must be satisfied for a plaintiff to proceed under § 1983). Furthermore, the district court noted the overwhelming majority of the conduct set out in the complaint occurred many years in the past and all of the conduct occurred outside New Mexico. Thus, not only did it appear Harty's claims were time barred, there was nothing in the complaint to indicate the district court had personal jurisdiction over any potential defendant. Nevertheless, the district court dismissed Harty's complaint without prejudice because "it is possible that he may have some legitimate causes of action within an appropriate statute of limitations that can be filed in another forum."

This court has reviewed the district court's order of dismissal de novo. That close review demonstrates no reversible error. In particular, we agree with the district court that there is absolutely no indication in the complaint any potential defendant is subject to the personal jurisdiction of the United States

District Court for the District of New Mexico.[1]  Accordingly, the district court's order of dismissal is hereby **AFFIRMED** for substantially those reasons set out in the district court's order dated July 22, 2009.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[1]Because there is absolutely no indication the additional evidence Harty asks this court to consider bears on the question of personal jurisdiction, Harty's pending Motion to Supplement Record on Appeal is hereby **DENIED**.